**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Robert Walker,**
**Claimant Below, Petitioner**

**vs.)     No. 22-0019     (BOR Appeal No. 2057051)**
                        (Claim No. 2018002128)

**Globe Specialty Metals, Inc.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Robert Walker appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Globe Specialty Metals, Inc. filed a timely response.[1] The issue on appeal is permanent partial disability. Petitioner argues that he should be granted a 15% permanent partial disability award. The claims administrator granted petitioner a 10% permanent partial disability award on June 10, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its July 6, 2021, Order. The Order was affirmed by the Board of Review on December 17, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

On July 23, 2017, petitioner, a furnace tapper, stepped into a hole and twisted his right knee. Previously, in 2016, petitioner underwent bilateral knee replacements which were not work-related. On August 11, 2017, the claims administrator ruled that petitioner suffered a work-related injury to the right knee in July 2017.

On May 16, 2018, an irrigation and debridement of petitioner's right knee was performed, and the prosthesis was removed from the right knee. The post-operative diagnosis was loosening of the preexisting right knee arthroplasty. On December 14, 2018, Jeffrey K. Lange, M.D., recommended reimplantation. Petitioner underwent the reimplantation of the right knee replacement, performed by Dr. Lange, on April 8, 2019. At a follow-up appointment, petitioner saw Kathryn Hazelwood, PA-C, on November 7, 2019. Ms. Hazelwood examined the right knee

---

[1]Petitioner is represented by Reginald D. Henry. Respondent is represented by Jane Ann Pancake, Jeffery Brannon, and T. Jonathan Cook. In addition, for reasons that are not readily apparent from the record, respondent identifies itself as "W. Va. Manufacturing, LLC" instead of "Globe Specialty Metals, Inc." Because the order under appeal identifies the employer as Globe Specialty Metals, Inc., we will utilize that designation in this appeal.

and assessed petitioner as being status-post revision of a total right knee replacement. Ms. Hazelwood found that there was range of motion to 100 degrees.

Petitioner was seen by Paul Bachwitt, M.D., for an independent medical evaluation on May 26, 2020. Dr. Bachwitt determined that petitioner was at maximum medical improvement. Petitioner complained of pain and stiffness in the right knee. Dr. Bachwitt found that petitioner had a moderate level of continual knee pain. Dr. Bachwitt measured petitioner's range of motion to 112 degrees. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*"), Dr. Bachwitt opined that petitioner achieved a "fair result" from the total right knee arthroplasty and that he had 20% impairment. Of that 20% impairment, Dr. Bachwitt attributed 10% to the preexisting total knee replacement from 2016 and 10% to the July 23, 2017, compensable injury. On June 10, 2020, the claims administrator granted petitioner a 10% permanent partial disability award, and petitioner timely protested that decision.

Petitioner underwent an independent medical evaluation with Bruce A. Guberman, M.D., on September 28, 2020. Dr. Guberman determined that petitioner was at maximum medical improvement. Petitioner complained of severe right knee pain. Dr. Guberman found that petitioner had severe pain, which was continual. Dr. Guberman assessed petitioner as having range of motion to only 80 degrees. Using the AMA *Guides*, Dr. Guberman opined petitioner achieved a "poor result" from the total right knee replacement and that he had 30% impairment. Of that 30% impairment, Dr. Guberman allocated 15% to the preexisting total knee replacement from 2016 and 15% to the July 23, 2017, compensable injury.

Finally, petitioner saw Dr. Lange on March 3, 2021, for another follow-up appointment to his surgery. Petitioner reported having some pain in the right knee, which "comes and goes." Petitioner was "walking a few miles a day which is great." Dr. Lange found that there was range of motion to 125 degrees. Dr. Lange noted that petitioner was satisfied with the result of the total right knee arthroplasty and was "doing well in terms of mobility."

In its April 20, 2021, Order, the Office of Judges affirmed the claims administrator's 10% permanent partial disability award based upon the report of Dr. Bachwitt. The Office of Judges found that Dr. Bachwitt's report was more consistent with the other medical evidence than Dr. Guberman's report for two reasons: (1) Dr. Bachwitt found that petitioner had moderate knee pain, which was more in line with Dr. Lange's report stating that petitioner had some knee pain that was intermittent; and (2) Dr. Bachwitt's range of motion measurements, from May 26, 2020, fell in between the measurements of Ms. Hazelwood, from November 7, 2019, and Dr. Lange's measurements from March 3, 2021. The Office of Judges found that Dr. Guberman's report was not as consistent with the other medical evidence. Therefore, the Office of Judges affirmed the claims administrator's award as supported by a preponderance of the evidence. On December 17, 2021, the Board of Review adopted the Office of Judges' findings and affirmed its order upholding the claim administrator's award of 10% permanent partial disability to petitioner.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse

or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find no error in the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-1g(a) provides, in pertinent part:

> [R]esolution of any issue . . . shall be based on a weighing of all evidence pertaining to the issue and a finding that a preponderance of the evidence supports the chosen manner of resolution. The process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of the issue presented. Under no circumstances will an issue be resolved by allowing certain evidence to be dispositive simply because it is reliable and is most favorable to a party's interests or position. If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.

*See* Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016) ("Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence."). The Office of Judges did not err in determining that Dr. Guberman's findings were not as consistent with the other medical evidence as Dr. Bachwitt's findings. Accordingly, while petitioner seeks an award of 15% permanent partial disability due to Dr. Guberman's findings, he fails to prove that such an award is supported by a preponderance of the evidence.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn